FILED
2/3/2025 12:00 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
ROBIN HOLLAND DEPUTY

2 CIT ESERVE

CAUSE NO. DC-25-01807

| | | |
|---|---|---|
| MILDRED ALLEN and ARTHUR ALLEN, SR., | § § § | IN THE DISTRRICT COURT |
| Plaintiffs, | § | 160th |
| v. | § | _____ JUDICIAL DISTRICT |
| LATONYA FLOWERS and UNITED STATES POSTAL SERVICE | § § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES, Plaintiffs MILDRED ALLEN and ARTHUR ALLEN, SR., who complain of Defendants LATONYA FLOWERS AND THE UNITED STATES POSTAL SERVICE, and each of them, and allege by their counsel as follows:

**DISCOVERY CONTROL PLAN**

1. Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, PLAINTIFF hereby expresses her intent for discovery in this case to be conducted under Rule 190.3 (Level 1).

**CLAIM FOR RELIEF**

2. Plaintiff seeks monetary relief not over $250,000.00.

**PARTIES & SERVICE**

3. At all relevant times, Plaintiff MILDRED ALLEN was, and is, a resident of the State of Texas, County of Dallas. At all relevant times, Plaintiff ARTHUR ALLEN, SR. was, and is, the husband of Plaintiff MILDRED ALLEN.

4. Defendant, UNITED STATES POSTAL SERVICE ("USPS") is a Corporation that may be served with process through its registered agent CT CORP SYSTEM, located at 350 N. SAINT PAUL ST., DALLAS, TX 75201, or wherever it may be found. Issuance of citation is requested at this time. Issuance of citation is requested at this time.

5. Upon information and belief, Defendant LATONYA FLOWERS was, at all relevant times,

a resident of the State of Texas, County of Dallas and was employed by Defendant the United States Postal Service and was acting in the course and scope of her employment for that government entity.

6. UPON information and belief, defendant Latonya Flowers is a natural person residing in Dallas County, Texas. Issuance of citation is requested at this time. Service of said defendant can be effected by personal delivery with process wherever she may be found, possibly at the following address:

   Latonya Flowers
   2907 Crimson Clover Dr.
   Dallas, TX 75134

**JURISDICTION AND VENUE**

7. The subject matter in controversy is Within the jurisdictional limits of this Court.

8. This Court has jurisdiction over the parties, because said Defendants purposefully availed themselves of the privilege of conducting activities in the States of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9. Further, as required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs counsel States that the damages, harms and losses sought are in an amount within the jurisdictional limits of this Court. Plaintiff is required by Rule 47(c), Texas Rules of Civil Procedure to States the amount of damages, in dollar amount, that represent Plaintiff s harms and losses due to the negligence of the Defendants. The legislative history of this requirement indicates that it is for record keeping and statistical purposes only for lawsuits filed in the States of Texas.

10. Plaintiffs counsel States that Plaintiffs seeks monetary relief, the maximum of which harms,

losses and damages to Plaintiff is $100,000. The amount of monetary relief actually assessed by the jury or judge, however, will ultimately be determined by a jury or judge after hearing all of the evidence of harms, damages and losses. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate as well as exemplary damages.

11. The Court has jurisdiction over this claim because Plaintiffs were injured by the wrongful conduct of Defendants, who caused a crash into the home of Plaintiffs by negligently driving a vehicle, which resulted in injury and damages to Plaintiffs.

12. Venue in Dallas County is proper in this cause under Section 15.002(a) (1) of the Texas Civil Practice and Remedies Code because all of the events giving rise to the claim

13. occurred in Dallas County.

**MISNOMER ALTER EGO**

14. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification, misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

**FACTUAL BACKGROUND**

15. On or about September 23, 2023, Plaintiffs were at their home in Dallas.

16. Defendant Flowers is a mail carrier and while her postal truck was in motion, she apparently lost control of the postal truck.

17. She either jumped out or she fell out of the postal truck.

18. The postal truck continued and jumped the curb, hit at least 2 mailboxes and eventually hit the Allen residence.

19. Defendant, Latonya Flowers was driving a postal truck, owned by Defendants UNITED STATES POSTAL SERVICE.

x
x

20. Defendant, Latonya Flowers was in the scope of employment with Defendants USPS at all times material hereto.

21. Defendant, Latonya Flowers, was making curbside deliveries.

22. Defendant Latonya Flowers negligence was the proximate cause of the collision in question and resulting injuries and damages to Plaintiffs.

23. Defendants USPS, by and through their agents, employees and representatives, specifically Defendant Latonya Flowers proximately causing the collision in question and Plaintiff s injuries and damages, more fully described hereinafter.

24. At all relevant times, Defendant UNITED STATES POSTAL SERVICE, retained and/or exercised actual, implied, and/or contractual control over the day-to-day operations of the driver of the United States Postal Service vehicle, by and through its agents, servants, and by means of policies and procedures related to such things as employee/operator hiring, retention, training, and supervision.

**RESPONDEAT SUPERIOR**

25. The employees, and/or actual, apparent, ostensible or estoppel agents and/or representatives of Defendants UNITED STATES POSTAL SERVICE who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their respective employment or official duties and were within said Defendants' general authority, and in the futherance of the duties of their office or employment. Defendants UNITED STATES POSTAL SERVICE are therefore liable for the negligent acts and omissions of its employees under the theory of Respondeat Superior. Alternatively, Defendants exercised control over its unknown employees, and/or actual, apparent, ostensible or estoppel agents and/or representatives and are liable for their negligence, specifically Defendant Flowers.

**NEGLIGENT HIRING/SUPERVISION/TRAINING/RETENTION**

26. Defendants UNITED STATES POSTAL SERVICE and UNITED STATES had a legal duty to exercise the high degree of care to hire, supervise, train and/or retain competent employees. Defendant breached the duty when Defendant negligently hired, supervised, trained, and/or retained Defendant Flowers which caused the incident in question. Defendant's breach of duty to hire, supervise, train, and/or retain competent employees proximately caused injury to Plaintiff which resulted in damages Plaintiff is now complaining of.

**PLAINTIFF'S CLAIM of NEGLIGENCE AGAINST DEFENDANT FLOWERS**

27. . Defendant had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

28. Defendant's negligent, careless and reckless disregard of said duty proximately caused Plaintiff's injuries.

29. The negligent, careless and reckless acts of Defendant consisted of, but is not limited to, the following acts and omissions:

   a. In that Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   b. In that Defendant operated the motor vehicle at a rate of speed which was greater than that which would have been operated by a person of ordinary prudence under the same or similar circumstances;

   c. In that Defendant failed to maintain proper control of her vehicle;

   d. In failing to use due care to avoid the collision;

   e. In executing an unsafe turn;

### PLAINTIFF'S CLAIM FOR DAMAGES

30. PLAINTIFF Mildred Allen has suffered mental anguish from the postal truck crashing into her home, including damage to her property. PLAINTIFF respectfully request that the trier of fact determine the amount of the damages she has incurred in the past and will reasonably incur in the future, as well as the monetary value of her damages. These injuries have caused Plaintiff to suffer, and will very likely continue to cause Plaintiff to suffer, the following damages:

   a. Property damage;

   b. Mental anguish, in the past and future.

   c. Diminished capacity to enjoy life and society, in the past and future; and

   d. Reasonable and necessary medical expenses, in the past and future.

## PLAINTIFF'S CLAIM OF NEGLIGENCE AND NEGLIGENT HIRING AGAINST DEFENDANT UNITED STATES POSTAL SERVICE

31. Defendants had a duty to exercise the degree of care that a reasonably prudent and/or careful person would use to avoid harm to others under circumstances similar to those described herein.

32. Plaintiffs' injuries were proximately caused by Defendants' negligent, careless and reckless disregard of said duty.

33. As an alternative theory, and without waiving the foregoing, Plaintiffs allege Defendant, UNITED STATES POSTAL SERVICE, negligently hired employees by failing to properly inquire as to their qualifications, and knew or should have known that the hired employees were not qualified to perform the job safety required of them.

34. As a result of Defendant's negligence and/or negligent hiring, Plaintiff suffered injuries and property damage to her home.

## DEFENDANT UNITED STATES POSTAL SERVICE'S VICARIOUS LIABILITY

35. At all times relevant, Defendant USPS employed Defendant Flowers. The crash in question occurred While Flowers acted Within the scope of her employment for USPS, and in furtherance of USPS's business. Therefore, Flowers liability is imputed on USPS under the doctrine of respondent superior. Plaintiffs seek to recover from USPS under said theory.

## PLAINTIFFS' CLAIM OF RESPONDEAT SUPERIOR

36. Defendant UNITED STATES POSTAL SERVICE is vicariously liable for the negligence of its employee/agents Defendant, Flowers, pursuant to the doctrine of respondeat superior because said employee was acting in the course and scope of his employment with Defendant UNITED STATES POSTAL SERVICE at the time of the occurrence.

## LOSS OF CONSORTIUM

37. Plaintiffs restate and incorporate by reference all allegations contained in the prior paragraphs of this Complaint.

38. At all relevant times, Plaintiffs MILDRED ALLEN and ARTHUR ALLEN, SR. were husband and wife.

39. Before Plaintiff MILDRED ALLEN was injured due to the actions of Defendants, Plaintiff MILDRED ALLEN was able to, and did, perform her duties as a spouse. After being injured due to the actions of Defendants, and as a proximate result thereof, Plaintiff MILDRED ALLEN was unable to perform the necessary duties of a spouse.

40. As a direct and proximate result of the conduct of Defendants and the injuries sustained by Plaintiff MILDRED ALLEN, Plaintiff ARTHUR ALLEN, SR. has suffered a loss of consortium, including the loss of the love, companionship, comfort, society, services, and affection of his wife, Plaintiff MILDRED ALLEN.

## INTENT TO USE U.S. LIFE TABLES

41. Plaintiff hereby notifies the Defendants of his intent to use U.S. Life Tables as published

by the U.S. Government in the trial of this matter.

**DESIGNATED E-SERVICE EMAIL ADDRESS**

42. The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a): joe@slinjury.com. This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiffs may be entitled at law or in equity such as.

1. For damages for loss of consortium.
2. actual damages;
3. prejudgment and post judgment interest allowed by law;
4. cost of suit;
5. monetary relief up to $100,000.00
6. monetary compensation for Plaintiffs past medical expenses; and
7. And any other and further relief, at law or in equity, to Which Plaintiffs may be justly

Respectfully submitted,
Smith Law Firm

*/s/ Joe Smith*
_____
Joe Smith
joe@slinjury.com
Texas Bar No. 24041942
P.O. Box 489
Desoto, Texas 75123
Tel. (214)943.0100
Fax. (888)317.8235
Attorney for Plaintiffs