UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MILDRED ALLEN and | § | |
| ARTHUR ALLEN, SR., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-0625-B |
| | § | |
| UNITED STATES OF AMERICA and | § | |
| UNITED STATES POSTAL SERVICE | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants United States of America and United States Postal Service

("USPS")'s Motion to Dismiss (Doc. 2). For the following reasons, the Court **GRANTS** Defendants'

Motion and **DISMISSES** the case **WITHOUT PREJUDICE**. A final judgment will follow.

## I.

## BACKGROUND

This case arose when a runaway USPS truck jumped a curb and collided with Plaintiffs

Mildred Allen and Arthur Allen, Sr.'s home. Doc. 1-6, Pet., ¶¶ 16–18. Plaintiffs allege that Latonya

Flowers, a USPS employee, lost control of the truck and either jumped or fell out of the truck before

it collided with Plaintiffs' residence. *Id.*

Plaintiffs sued Flowers and USPS in Dallas County court, bringing respondeat superior,

negligent hiring/supervision/training/retention, and negligence claims. *Id.* ¶¶ 25–36. Defendants

removed this case under 28 U.S.C. § 1442(a)(1). The United States filed a Westfall Act Certification

and substituted itself as a defendant in Flowers's place because Flowers was acting in the scope of

-1-

her employment for the United States. Doc. 1, Notice Removal, 2; Doc. 1-1, Westfall Act Certification, 1. Defendants filed a Motion to Dismiss, seeking to dismiss each of Plaintiffs' claims for lack of subject-matter jurisdiction. Doc. 2, Mot., 1. The Court considers the Motion below.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). Courts must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A defendant may challenge jurisdiction in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *See Moore v. Bryant*, 853 F.3d 245, 248 n.2 (5th Cir. 2017) (citation omitted). When a defendant seeks dismissal under Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction to hear the case. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir 1980)).

## III.

## ANALYSIS

The Court **GRANTS** the Motion to Dismiss and dismisses Plaintiffs' claims for lack of jurisdiction.[1] Under the derivative jurisdiction doctrine, "when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction." *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014). Therefore, a federal court lacks jurisdiction

---

[1] Although Plaintiffs failed to respond in opposition to the Motion, the Court cannot grant the Motion for this reason alone. *See Reedy v. Freedom Mortg. Corp.*, No. 3:23-CV-2403-X-BN, 2024 WL 4329019, at *5 (N.D. Tex. Apr. 22, 2024) (Horan, M. J.), *report and recommendation adopted*, No. 3:23-CV-2403-X, 2024 WL 4327434 (N.D. Tex. May 22, 2024) (Starr, J.).

over a removed case if the state court lacked jurisdiction, "even if the federal court would have had jurisdiction" had suit been brought there first. *Colonial Cnty. Mut. Ins. Co. v. United States*, No. SA-15-CV-917-XR, 2015 WL 7454698, at *2 (W.D. Tex. Nov. 23, 2015) (citing *Minnesota v. United States*, 305 U.S. 382, 389 (1939) and *Lopez*, 749 F.3d at 350).

When a plaintiff brings a tort claim against a federal agency or federal employee acting within the scope of employment, she can only sue under the Federal Tort Claims Act ("FTCA"). *See In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 252 (5th Cir. 2006) (citing 28 U.S.C. §§ 2679(a)–(b)(1)). In a suit against a federal employee whom the Attorney General certifies was acting in the scope of employment, "the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). "The United States Attorney for the district where the civil action or proceeding is brought," 28 C.F.R. § 15.4(a), or her designated civil chief is authorized to certify that the Federal employee was acting within the scope of his employment. *See* U.S. Dep't of Just., Just. Manual § 4-5.630 (updated Apr. 2018). "A plaintiff who challenges the Government's certification bears the burden of showing the employee's conduct was not within the scope of his employment." *White v. United States*, 419 F. App'x 439, 442 (5th Cir. 2011) (citing *Williams v. United States*, 71 F.3d 502, 506 (5th Cir. 1995)). Federal courts have exclusive jurisdiction over FTCA claims. *See* 28 U.S.C. § 1346(b)(1).

Here, the Court lacks jurisdiction over Plaintiffs' claims. Plaintiffs can only sue under the FTCA because they alleged tort claims against USPS and its employee, Flowers. *See In re Supreme Beef*, 468 F.3d at 252; Doc. 1-6, Pet., ¶¶ 25–36. Defendants provided a Westfall Act Certification signed by the Chief of the Civil Division of the U.S. Attorney's Office for the Northern District of Texas. Doc. 1-1, Westfall Act Certification, 1. There, the Chief certified that Flowers was acting within the scope of her employment for the United States when the incident arose. *Id.* Plaintiffs did

not respond to the Motion to Dismiss or otherwise argue Flowers's conduct fell outside the scope of her employment. Instead, their Petition concedes that Flowers was acting within the scope of her employment when the incident arose. *See* Doc. 1-6, Pet., ¶ 25; *Guevara v. United States*, 3:20-CV-0022-D, 2020 WL 1529005, at *3 n.2 (N.D. Tex. Mar. 31, 2020) (Fitzwater, S.J.) ("[B]y conceding in their original petition that [the employee] was operating within the scope of her employment as a USPS employee . . . , plaintiffs . . . have failed to carry their burden of showing that the certification was erroneous." (citations omitted)). Therefore, the state court lacked jurisdiction over Plaintiffs' claim. *See* 28 U.S.C. § 1346(b)(1). Because the state court lacked jurisdiction before Defendants removed the case, the Court does not have jurisdiction now. *See Colonial Cnty. Mut. Ins.*, 2015 WL 7454698, at *2. Accordingly, the Court dismisses Plaintiffs' case without prejudice. *See Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) ("[A]ny dismissal predicated on Fed. R. Civ. P. 12(b)(1) must be without prejudice.").

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 2). Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**. A final judgment will follow.

**SO ORDERED.**

**SIGNED: August 20, 2025.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE